JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06362-RGK-SHK | Date | April 5, 2021 |
|---|---|---|---|
| Title | ***STEPHANIE HARVEY v. SPROUTS FARMERS MARKET, INC.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS) Order Remanding Action to State Court

On February 21, 2020, Stephanie Harvey ("Plaintiff") filed a complaint against Sprouts Farmers Market, Inc. ("Defendant") alleging premises liability related to a slip and fall that caused injury to Plaintiff.

On July 17, 2020, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In her complaint, Plaintiff does not specify the amount in damages sought. In support of its removal, Defendant simply states that on June 30, 2020, it requested that Plaintiff confirm that the alleged case value was greater than $75,000. Defendant then states that because Plaintiff failed to respond, "it is presumed that Plaintiff alleges the case value to exceed $75,000." (See Notice of Removal, ¶ 6.)

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06362-RGK-SHK | Date | April 5, 2021 |
|---|---|---|---|
| Title | *STEPHANIE HARVEY v. SPROUTS FARMERS MARKET, INC.* | | |

    Defendant fails to either plausibly allege that the amount in controversy exceeds $75,000, or show this by a preponderance of the evidence. Defendant's conclusory statement, with no legal authority to support its contention, is insufficiently speculative and fails to satisfy its burden.

    Accordingly, the action is hereby **remanded** to state court for all further proceedings.

    **IT IS SO ORDERED.**

:

Initials of Preparer